# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| JONES PROPERTIES CHIPS, LLC; ROGER A. GONZALES, INDIVIDUALLY AND ON BEHALF OF RANCHO CARMELO ORGANIC FARMS LLC; AND DOROTHY A. MAES-GARCIA,<br><br>　　　*Plaintiffs*,<br><br>　v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY AND DOES 1-20, INCLUSIVE,<br>　　　*Defendants*. | No. |

## COMPLAINT

## INTRODUCTION

1.      Plaintiffs are individuals damaged by the Hermit's Peak/Calf Canyon Fire ("Fire"), which were started by the federal government. The historic fire, and subsequent flooding, had devastating impacts on residents of New Mexico.

2.      Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or the "Act") (Pub. L. 117-180, 136 State. 2168 (2022)) to compensate victims of the Hermit's Peak Fire for actual compensatory damages provided under New Mexico state law. Congress designated the Federal Emergency Management Agency's ("FEMA") as the Administrator of claims under the HPFAA and directed FEMA to expedite payments to victims of the Fire.

3.      The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA provides "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part." Hermit's Peak Fire Assistance Act, Pub. L. No.

117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022). Plaintiffs have been aggrieved by FEMA's decision because it denies their actual compensatory damages permitted under New Mexico state law. FEMA has adopted an unlawful Final Rule that categorically excludes noneconomic damages from the HPFAA in violation of Plaintiffs' constitutional rights.

4.    On March 31, 2025, this Court issued a Memorandum, Opinion and Order (the "Order") in various related actions, including *Gallegos v. FEMA*, No. CIV 24-0170 (D.N.M. Mar. 31, 2025), concluding that under the HPFAA, FEMA must provide judicially reviewable claim determinations within 180 days after a claimant's initial filing because the HPFAA mandates that FEMA "shall fix and determine the amount, if any, to be paid for the claim" within 180 days; that the HPFAA's sovereign-immunity waiver extends to claimants who do not receive internal administrative appeal decisions so long as those claimants follow the FEMA regulations that are consistent with the 180-day deadline, thereby satisfying the exhaustion requirement; that FEMA has further waived the exhaustion requirement in the sovereign-immunity waiver; and that the Administrative Procedure Act (APA)

3

plaintiffs state APA claims by plausibly alleging that FEMA's regulations violate the HPFAA's 180-day deadline, create an endless appeal process, deprive them of non-economic damages, and deny them a meaningful opportunity to be heard on those claims.

5.     Plaintiffs now bring this civil action under section 104(i)(1) to modify or set aside FEMA's decision and award Plaintiffs the full amount of their actual compensatory damages permitted under New Mexico state law.

## JURISDICTION & VENUE

6.     This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

7.     This Court has jurisdiction under 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action. This Administrator's final decision of Plaintiffs' claims constitutes a final agency action subject to judicial review under the HPFAA section 104 (i)(1). Further, the Administrator's final decision shows an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction

pursuant to Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

8.     Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, Plaintiffs reside in this judicial district, and/or section 104(i)(1) of the HPFAA expressly states a civil action seeking judicial review of the Administrator's final decision is to be filed in the United States District Court for the District of New Mexico.

## PARTIES

9.     Plaintiffs are individuals who suffered property damage in the Fire and submitted claims to FEMA's Claims Office.

10.    Plaintiff Jones Properties Chips, LLC submitted a claim to FEMA on or about December 17, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a final determination with respect to Plaintiff's claim from FEMA on January 7, 2026. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim

5

and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

11.    Plaintiff Roger A. Gonzales, individually and on behalf of Rancho Carmelo Organic Farms LLC, submitted claims to FEMA on or about September 5, 2024, and December 18, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff received a final determination with respect to one of Plaintiff's claims from FEMA on February 12, 2026. The decision provides less than Plaintiff's actual compensatory damages provided in Plaintiff's claim and categorically excludes compensation for certain items of damages, such as noneconomic nuisance damages.

12.    Plaintiff Dorothy A. Maes-Garcia submitted a claim to FEMA on or about July 22, 2024, pursuant to the HPFAA. Plaintiff claimed, among other items, noneconomic nuisance damages. Plaintiff did not receive a determination of Plaintiff's claim as Plaintiff's claim was improperly and inexplicably closed by FEMA in violation of Plaintiff's rights, despite Plaintiff's adherence to Defendant's policies and procedures in effect at the relevant times. Defendant was non-responsive with respect to Plaintiff's claim at all relevant times.

13.     Defendant FEMA is an executive agency of the United States government, and bears responsibility in whole or part for the acts or omissions complained herein, including promulgating the Rule. Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[1]

14.     Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 20, Inclusive, and therefore sue them by such fictitious name Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

### BACKGROUND

**1.     The federal government enacted the HPFAA to promptly compensate victims of the Hermit's Peak/Calf Canyon Fire.**

15.     On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in San Miguel County, New Mexico. The prescribed burn got out of control, resulting in a wildfire that spread to adjacent, non-federal land, and

---

[1]     *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

merged with another fire.[2] The fire, known as the Hermit's Peak/Calf

Canyon Fire, is the largest fire in New Mexico history. It forced

thousands of residents to evacuate and ultimately destroyed 903

structures, including several hundred homes, and burned 341,471 acres

of land, trees, and vegetation.

16.    The President declared the Hermit's Peak Calf Canyon Fire

"a major disaster," and Congress acknowledges its impact, recognizing

forced evacuations, and damage or destruction of state, local, tribal, and

private property in Colfax, Mora, and San Miguel counties in New

Mexico.[3] The President reaffirmed that the people of New Mexico will

have the full support of the federal government, and that every effort

will be made to provide immediate help to people in the impacted

communities and support the State throughout its recovery.

17.    Congress determined that "the United States should

compensate the victims of the Hermit's Peak Fire."[4]

---

[2]    *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

[3]    *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[4]    *Id.*, § 102(a)(10), 136 Stat. at 2169.

18.   On September 30, 2022, Congress enacted—and the President signed—the HPFAA.[5]

19.   The HPFAA's stated purposes are "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire."[6]

20.   Congress initially allocated $3.95 billion to compensate victims of the Hermit's Peak/Calf Canyon Fire under the HPFAA.[7]

21.   Under the HPFAA, claimants are entitled to "payment under this Act" for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under this Act." HPFAA, Pub. L. No. 117-180, §§ 102(b), 104(c)(3).

**2. The HPFAA entitles plaintiffs to compensation for interference with personal comfort, inconvenience, and annoyance.**

---

[5]   Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

[6]   Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[7]   FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

22.    The HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[8]

23.    The HPFAA repeatedly invokes New Mexico law to define the scope of damages recoverable under the Act. First, the HPFAA flatly states "the laws of the State of New Mexico shall apply to the calculation of damages."[9] Second, the HPFAA expressly incorporates the definition of a compensable "injury" from the FTCA, which in turn compensates "claimant[s] in accordance with the law of the place where the act or omission occurred."[10]

---

[8]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

[9]    *Id.*, § 104(c)(2), 136 Stat. at 2170; *see also* 44 C.F.R. § 296.21(a) ("The laws of the State of New Mexico will apply to the calculation of damages.").

[10]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(1), 136 Stat. 2168, 2170 (2022) ("Each injured person shall be eligible to receive from the United States compensation for injury suffered by the injured person as a result of the Hermit's Peak/Calf Canyon Fire."); *id.*, § 103(5), 136 Stat. at 2169 ("The term 'injury' has the same meaning as the term 'injury or loss of property, or personal injury or death' as used in section 1346(b)(1) of title 28, United States Code."); 44 C.F.R. § 296.4 ("'Injury' [under the HPFAA] means 'injury or loss of property, or personal injury or death,' as used in the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1)."); 28 U.S.C. § 1346(b)(1) (making "the United States" liable "for money damages … under circumstances where … a private person[] would be liable to the claimant in

24.    Under New Mexico law, a wildfire that damages or disrupts the real or personal property of a "considerable number of people" is a "nuisance."[11]

25.    And under New Mexico law, nuisance victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience *in addition to* their economic losses.[12]

26.    Accordingly, under the HPFAA, FEMA must award claimants noneconomic damages for interference with personal comfort, annoyance, and inconvenience. But FEMA has categorically excluded

---

accordance with the law of the place where the act or omission occurred"].)

[11]    *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005); *New Mexico v. Gen. Elec. Co.*, 335 F. Supp. 2d 1185, 1239–41 (D.N.M. 2004).

[12]    *Aguayo v. Village of Chama*, 449 P.2d 331, 333 (N.M. 1969) ["[T]he rule [for nuisance claims] is that … personal damages [for discomfort, annoyance, etc.] are recoverable in addition to, or separate from, damages for diminution in rental or use value."]; *Padilla v. Lawrence*, 685 P.2d 964, 969 (N.M. Ct. App. 1984) ("A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value."); *see also* N.M. Const., art. II, § 4 ("All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.").

11

noneconomic damages for nuisance in its final determinations of Plaintiffs' claims.

### 3. Plaintiffs have a right to judicial review of FEMA's final determination of their claim.

27. The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA states "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part."[13]

28. FEMA's Final Rule requires Plaintiffs complete an administrative appeal process. However, FEMA has already delayed providing a determination to Plaintiffs well beyond the mandated 180-day deadline provided in the HPFAA. Moreover, FEMA has provided no deadline for FEMA to render its decision on appeal.

---

[13]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

29.    Plaintiffs are informed and believe FEMA has placed a hold on processing administrative appeals pending the Court's decision on whether noneconomic damages are recoverable under the HPFAA.

30.    Plaintiffs now seek judicial review of FEMA's final determination of their claims.

## COUNT I
### (Judicial Review of Agency Action under the HPFAA)

31.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

32.    FEMA is the agency appointed as the "Administrator" of the HPFAA.[14]

33.    FEMA's final determination of Plaintiffs' claims submitted pursuant to the HPFAA is a final agency action made reviewable by the HPFAA.[15]

34.    The final determinations of Plaintiffs' claims are not in accordance with the law. HPFAA entitles claimants to noneconomic damages for interference with personal comfort, annoyance, and

---

[14]    *Id*. § 103(1)(A), 136 Stat. 2168, 2169 (2022).

[15]    *Id*. § 104(i)(1), 136 Stat. 2168, 2173 (2022).

inconvenience, and the Final Determinations categorically refuse to award those same damages, among other damages.

35.    FEMA's categorical exclusion of certain items of damages, such as noneconomic damages harms Plaintiffs and other similarly situated Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

36.    Plaintiffs seek judicial review of FEMA's final determinations of their claims.

37.    Notably, not every Plaintiff has received a final determination of their claim. The Administrator is required to determine and fix the amount, if any, to be paid on a claim "not later than 180 days after the date on which the claim is submitted."[16]

38.    FEMA's failure to issue a final decision within the statutorily mandated 180 days has prevented Plaintiffs' 60-day review period from ever beginning to run.

39.    In addition, the 60-day deadline to seek judicial review is tolled. Where an agency has failed to render a timely decision, courts

---

[16]    *Id.* § 104(d)(1)(A)(i), 136 Stat. 2168, 2171 (2022).

apply equitable tolling to preserve the claimant's right of review, particularly where the claimant has been induced into allowing the filing deadline to pass.[17]

40.     By FEMA's own inducement, including any delays or extensions, Plaintiffs reasonably relied on that timeframe.

41.     Accordingly, Plaintiffs' 60-day deadline to seek judicial review under Section 104(i)(1) has not begun on claims that FEMA has failed to issue a determination and should be equitably tolled until sixty days after FEMA issues its final decision on Plaintiffs' respective claims.

42.     Additionally, because the Administrator is required to fix and determine the amount to be paid on a claim not later than 180 days after the date on which the claim is submitted, if FEMA fails to issue a final decision within 180 days of claim submission, Plaintiffs' claims as set forth on their respective Proof of Loss should be deemed admitted and constitute a final determination in Plaintiffs' favor resulting in an award of the full amount claimed.

---

[17]     *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (applying equitable-tolling principles to suits against the United States).

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully request that this Court:

1.  Review, modify or set aside FEMA's final determination of Plaintiffs' claims and award Plaintiffs all their claimed damages permitted under the Hermit's Peak/Calf Canyon Fire Assistance Act;

2.  For Plaintiffs who have not received a determination from FEMA on their claim within 180 days from the date of submission, deem the claim admitted as a final decision in Plaintiffs' favor and award Plaintiffs the full amount of their claims as listed on their respective Proof of Loss; and

3.  Grant such other relief as the Court deems just and proper.

Dated: March 6, 2026             Respectfully submitted:
                                 SINGLETON SCHREIBER, LLP

                                 */s/ Brian S. Colón*
                                 Brian S. Colón
                                 Jesse Gallegos
                                 SINGLETON SCHREIBER LLP
                                 6501 Americas Pkwy. NE, Ste. 670
                                 Albuquerque, NM 87110
                                 (505) 587-3473
                                 *bcolon@singletonschreiber.com*
                                 *jgallegos@singletonschreiber.com*

16

Gerald B. Singleton
Benjamin I. Siminou
Jonna Lothyan
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*
*jlothyan@singletonschreiber.com*

17